SKELTON *et al.*, survivors, *vs.* RICHARDSON, administrator.

The act of 1886 (code, §3854), which rendered all persons competent to testify, except certain specified classes, expressly provided that where an executor or administrator is a party in any suit on a contract of his testator or intestate, the other party should not be admitted to testify in his own favor. Therefore, where suit was brought against an administrator on a promissory note made by his intestate, the plaintiffs were not competent witnesses, although offered to disprove the testimony of a witness for the defendant to the effect that he saw a horse delivered to one of the plaintiffs, in the lifetime of the intestate, in payment of the note.

November 23, 1886.

Witness. Evidence. Before Judge LUMPKIN. Hart Superior Court. March Term, 1886.

Reported in the decision.

A. G. McCURRY; J. N. WORLEY; JOHN P. SHANNON; M. P. REESE, for plaintiffs in error.

HODGES & VANDUZER, for defendant.

BLANDFORD, Justice.

The plaintiffs in error brought their action upon a promissory note against defendant in error, which note was made by defendant's intestate. Defendant pleaded payment, and proved by one Dyar that he saw a horse delivered to one of the plaintiffs, in Grant's lifetime, in pay-

ment of the note. The plaintiffs offered to prove by one of themselves that what Dyar had sworn to was not true. The defendant objected that the witness was not competent, Grant being dead and his administrator being a party. The court sustained the objection, and refused to allow the witness to testify, and this is the only ground of exception and error assigned here.

By the act of 1866, pages 138, 139 (code, §3854), all persons are made competent to testify in any any case, unless they fall within some exception to the act. One of those exceptions is, " Where an executor or administrator is a party in any suit on a contract of his testator or intestate, the other party shall not be admitted to testify in his own favor;" in such a case, the living party is an incompetent witness; he is excepted from the operation of the act and is not made competent thereby; in other words, he stands, as to his competency, where he stood at the passage of the act. *Ita lex scripta est;* speculation as to what was the object, purpose or reason of the legislature in passing the act is wholly unnecessary, as the words of the act are plain and unmistakable, and the mind of the legislature can be fully determined from its words. The plaintiffs fell within the exception quoted, and were not competent witnesses, and the court did right not to admit the party to testify in the case.

Judgment affirmed.